UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADRIAN RUSSELL,
FDOC Inmate No. T67255,
    Plaintiff,

vs.                                                           Case No.: 3:22cv4844/LAC/ZCB

OFFICER T. MOORE,
    Defendant.
_____/

### **REPORT AND RECOMMENDATION**

Plaintiff is incarcerated in the Florida Department of Corrections. He filed this *pro se* lawsuit against Classification Officer T. Moore on April 1, 2022. (Doc. 1). Plaintiff filed a motion to proceed *in forma pauperis* (IFP), which was initially granted. (Doc. 11, Doc. 12). The Court has since discovered[1] that Plaintiff is barred from proceeding IFP under the three strikes provision of 28 U.S.C. § 1915(g). The Court, therefore, vacated the prior order granting IFP status and ordered that

---

[1] Plaintiff failed to accurately disclose his prior litigation history on the complaint form, which delayed the Court's discovery of Plaintiff's status as a three-striker. The Court notes that Plaintiff's failure to accurately disclose his prior litigation history would, in and of itself, justify dismissal of this case. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011).

1

Plaintiff's IFP motion be denied. (Doc. 13). The Court now recommends dismissing Plaintiff's complaint without prejudice for failing to pay the full filing fee.

### I.   Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee after being denied *in forma pauperis* status" because the fee

2

was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Here, the Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database. PACER shows that Plaintiff (while a prisoner) has previously filed at least three actions or appeals in federal courts that were dismissed as frivolous or for failure to state a claim on which relief can be granted. More specifically:

- *Russell v. Ojeda*, No. 8:20cv1000-MSS-CPT (M.D. Fla. Sept. 24, 2020) (dismissed for failure to state a claim on which relief can be granted);

- *Russell v. Wester*, No. 8:20cv531-VMC-JSS (M.D. Fla. April 8, 2021) (dismissed for failure to state a claim on which relief can be granted); and

- *Russell v. Cockrell*, No. 8:21cv2889-MSS-AEP (M.D. Fla. Jan. 14, 2021) (dismissed for failure to state a claim on which relief can be granted).[2]

---

[2] The plaintiff in the three previously filed cases is identified as Inmate #67255. Plaintiff here identifies himself with that same inmate number. (Doc. 1 at 1).

In fact, this Court and the U.S. District Court for the Middle District of Florida have previously held that Plaintiff is a three-striker who is barred from proceeding IFP:

- *Russell v. Helms*, No. 5:22cv247-TKW-MJF (N.D. Fla. Oct. 19, 2022) (Doc. 3);

- *Russell v. Central Florida Reception Center*, No. 6:22cv536-GKS-DCI (M.D. Fla. Mar. 30, 2022);

- *Russell v. Warren*, No. 8:22cv834-WFJ-MRM (M.D. Fla. July 21, 2022); and

- *Russell v. Warren*, No. 8:22cv411-CEH-AEP (M.D. Fla. Mar. 24, 2022).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP. Thus, he should have paid the filing fee at the time of filing. He failed to do so. And he has not alleged that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. Dismissal without prejudice is, therefore, appropriate. *See Dupree*, 284 F.3d at 1236-37.

## II.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g) because Plaintiff failed to pay the filing fee when he brought the case;

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 31st day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.